OPINION
{¶ 1} Antonio Robinson is appealing the judgment of the Montgomery County Common Pleas Court, which denied his motion to suppress and convicted him of possession of cocaine.
 {¶ 2} On February 27, 2003, several police officers executed a search warrant at 205 Hall Avenue in Dayton, Ohio. The officers forcibly entered the apartment. The first officer inside the apartment, Timothy Braun, saw Robinson on his left seated on the couch. Braun testified during the motion to suppress hearing that as he entered the apartment he saw Robinson leaning forward towards the floor. A coffee table was about a foot in front of Robinson and appeared to have crack cocaine, marijuana, a scale, and money on it. As Braun approached him, Robinson began to raise up and dropped a handgun from his hand Additionally, Braun observed a clear plastic box on Robinson's lap that appeared to contain money and crack cocaine. Officer Braun, concerned about the gun, continued to approach Robinson and pushed him over onto the couch. When he did so, Braun saw the butt of another gun. A further search of the residence revealed a rifle behind a loveseat in the apartment.
 {¶ 3} Subsequently, Robinson was indicted on one charge of possession of cocaine in an amount equal to or more than 25 grams, but less than one hundred grams, one charge of possession of cocaine of less than five grams, and one charge of possession of a firearm after previously having been convicted of a drug offense. Robinson entered a not guilty plea to the charges and filed a motion to suppress the evidence. The trial court held a hearing on Robinson's motion. The trial court later overruled the motion and Robinson pled no contest to the first count of the indictment in exchange for the State dismissing the second and third count of the indictment. Upon the court's determination that he was guilty, Robinson was sentenced to a three year term of incarceration and had his driver's license suspended for two years. Robinson has filed this appeal from the court's judgment.
 {¶ 4} Robinson raises the following as his sole assignment of error.
 {¶ 5} "Appellant's fourth amendment rights were violated through an improper search and seizure."
 {¶ 6} Robinson argues that the trial court erred in overruling his motion to suppress because the warrant was too vague and the police officer lacked probable cause to arrest him. We disagree.
 {¶ 7} Initially, we note that the following standard governs our review of a trial court's decision regarding a motion to suppress:
 {¶ 8} "[W]e are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard."State v. Retherford (1994), 93 Ohio App.3d 586, 592.
 {¶ 9} Initially, we will address Robinson's argument that the affidavit utilized to obtain the search warrant did not satisfy the probable cause requirement. The Fourth Amendment to the United States Constitution and Section 14, Article 1 of the Ohio Constitution requires that a warrant only be issued if probable cause for the warrant is demonstrated through an oath or affidavit. When determining whether to issue a warrant a judge must simply "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates (1983), 462 U.S. 213, 238. So long as the "magistrate had a substantial basis for concluding that probable cause existed," a reviewing court should uphold the warrant. State v. George (1989), 45 Ohio St.3d 325, syllabus.
 {¶ 10} In the instant case, the affidavit supporting the warrant stated that the Dayton police had conducted four controlled buys at 205 Hall Avenue, that had resulted in the purchase of illegal drugs. The drug purchases had been performed by confidential informants that had previously provided true and accurate information to the Dayton Police. Moreover, an experienced police officer conducted surveillance at the residence and observed pedestrian and vehicular traffic consistent with an operating drug house. This evidence in the affidavit provided a substantial basis for the issuing judge to conclude that probable cause existed that illegal drugs and instrumentalities would be found at the 205 Hall Avenue address. Thus, the probable cause requirement was met, and Robinson's argument to the contrary is without merit.
 {¶ 11} Next, we turn to Robinson's arguments that the search warrant was invalid for failing to describe the individuals to be searched with sufficient particularity. Robinson argues that the search warrant authorized the search of three black males giving vague descriptions of their height, weight, and hair and eye color, but nothing that was unique to him. However, we need not address whether the warrant's description contained sufficient particularity to describe a search of Robinson because the drugs and handgun seized as evidence were in plain view. Moreover, even if the second handgun found on Robinson was not in plain view, this was admissible as evidence discovered in a search incident to an arrest.
 {¶ 12} The Ohio Supreme Court described the plain view exception to the search warrant requirement in State v.Williams holding that evidence seized without a search warrant can be admissible if it is shown that "(1) the initial intrusion which afforded the authorities the plain view was lawful; (2) the discovery of the evidence was inadvertent; and (3) the incriminating nature of the evidence was immediately apparent" to the seizing authorities. (1978), 55 Ohio St.2d 82, 85.
 {¶ 13} In the instant case, Officer Braun entered the premises pursuant to the search warrant, which as we stated above described the premises with sufficient particularity. When Officer Braun came in the front door he saw Robinson within one foot of the coffee table that had crack cocaine and marijuana on it. Additionally, Braun saw on Robinson's lap a clear plastic box, which contained crack cocaine and cash. Immediately upon seeing the drugs, Braun suspected that it was crack cocaine. Moreover, Braun saw that Robinson had a handgun in his hand Thus, both the drugs and the firearm were in plain sight and admissible under the plain view doctrine.
 {¶ 14} As for the second weapon found on Robinson, this would be admissible as evidence discovered in a search incident to an arrest. Since Officer Braun had already observed Robinson with cocaine on his lap and a gun in his hand, he had probable cause to arrest Robinson as is discussed later in this opinion. A search of Robinson's person for weapons incident to his arrest would not violate his constitutional rights against unlawful search and seizure. Chimel v. California (1969), 395 U.S. 752,763. Therefore, even if Officer Braun's action of pushing Robinson over on the couch, which revealed the second gun, amounted to a search of his person, the search would still be lawful as a search incident to an arrest. Robinson's claim that the search of his person was unlawful because the warrant did not identify him with sufficient particularity is without merit.
 {¶ 15} Finally, Robinson argues that the police did not have probable cause to arrest him because he did not have a clear box containing crack cocaine on his lap as Officer Braun stated. "The standard for a constitutionally valid arrest is probable cause, `defined in terms of facts and circumstances `sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.''" State v. Tibbetts,92 Ohio St.3d 146, 153, 2001-Ohio-132 quoting Gerstein v. Pugh
(1975), 420 U.S. 103, 111-112.
 {¶ 16} Officer Braun testified at the motion to suppress hearing that when he entered the apartment Robinson had a handgun in his hand and a clear box containing crack cocaine on his lap. (Tr. 8-9, 11-12.) Additionally, Braun testified that there was crack cocaine on the coffee table that was only one foot from Robinson. (Tr. 12). These facts are sufficient to warrant a prudent man's belief that Robinson was committing the offense of possession of illegal narcotics. Although Robinson contends that the clear box containing crack cocaine was not on his lap, the trial court concluded in its findings of fact that Braun had observed crack cocaine in a box on Robinson's lap. The trial court is in the best position in a motion to suppress to resolve questions of fact and evaluate witness credibility. Retherford,
supra at 592. As stated earlier, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Id. In the instant case, Officer Braun's testimony at the suppression hearing regarding what he observed amounts to competent credible evidence supporting the trial court's findings of fact that the officer did in fact observe illegal narcotics on Robinson's lap. Therefore, having observed Robinson in possession of what appeared to be crack cocaine, Officer Braun had probable cause to arrest Robinson for possession of illegal narcotics. As we stated above, the search of Robinson's person was legal as a search incident to this lawful arrest. Robinson's argument that his arrest was not based on probable cause is also without merit.
 {¶ 17} Because all of Robinson's arguments are without merit, his assignment of error is overruled. The judgment of the trial court is affirmed.
Fain, P.J. and Brogan, J., concur.