[Cite as *State v. Long*, 2011-Ohio-4293.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

STATE OF OHIO                     :

    Plaintiff-Appellee            :         C.A. CASE NO. 2010 CA 47

v.                                 :         T.C. NO.    09CR595

KEITH A. LONG              :        (Criminal appeal from
                                         Common Pleas Court)

    Defendant-Appellant     :

                                :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    26th    day of    August   , 2011.

. . . . . . . . . .

STEPHANIE R. HAYDEN, Atty. Reg. No. 0082881, Assistant Prosecutor, 61 Greene Street, Xenia, Ohio 45385
       Attorney for Plaintiff-Appellee

JOE CLOUD, Atty. Reg. No. 0040301, 3973 Dayton-Xenia Road, Beavercreek, Ohio 45432
       Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1} Keith A. Long pled no contest in the Greene County Court of Common Pleas to trafficking in cocaine, a fifth degree felony; trafficking in cocaine, a fourth degree felony; possession of cocaine, a second degree felony; and possession of criminal tools, a fifth degree felony. The trial court found him guilty and sentenced him to an aggregate term of

four years in prison, two of which were mandatory.   Long was also ordered to pay financial sanctions and court costs.

{¶ 2} Long appeals from his convictions, claiming that the trial court violated his constitutional rights to due process, the effective assistance of counsel, to confront witnesses against him, and to be secure from unreasonable searches and seizures when he was denied certain discovery.   Long also claims that the trial court abused its discretion and committed plain error when it failed to enforce its initial discovery order, which compelled the State to provide discovery.

{¶ 3} For the following reasons, the trial court's judgment will be affirmed.

I

{¶ 4} In September 2009, Long was indicted for two counts of trafficking in cocaine, possession of cocaine, and possession of criminal tools.   On the day of Long's arraignment, the State filed a "Request for Discovery Under Crim.R. 16 and Receipt of Prosecution Discovery Which May Include Defendant's Record."   The document indicated that a statement by the defendant or co-defendants, documents, reports, and witness information were attached, if applicable.   The names and business locations of nine law enforcement officers, the name and business location of a laboratory representative, and the name and address of a co-defendant were individually listed.   The document further stated: "This document provides initial discovery under C.R. 16 and will be supplemented by the State, as necessary.   Audio and video evidence related to drug cases may be accessed by contacting the Assistant Prosecutor assigned to the case."   The State demanded reciprocal discovery from Long.   The document contained a signature line for Long's attorney, but the document

was not signed by Long or his counsel.[1]

{¶ 5} In November 2009, Long filed a Demand for Discovery, pursuant to Crim.R. 16(B)(1)(a) through (f). It requested, among other things, (1) the name and last known address of each witness to the occurrences which form the basis for the charges; (2) transcriptions, recordings, and summaries of any oral statements of any party or witness; (3) the criminal records of all witnesses, including any confidential informant; (4) any exculpatory information; and (5) the names, addresses, and phone numbers of any persons known "to possess information relevant to the charges," including any informants or confidential sources. Ten days later, Long moved for the State to provide "duplicative copies of all audio and video tapes; and all photographic evidence" and, by separate motion, for the State to disclose the identity of the confidential informant.

{¶ 6} On November 20, 2009, the trial court granted Long's motions for discovery. The court ordered both parties to provide discovery, including reciprocal discovery, as outlined in Crim.R. 16 and *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10

---

[1] Under Crim.R. 16(C), the State's right to request and receive discovery from the defendant accrues only after a defendant has both requested and obtained discovery from the State. *State v. Knight*, Greene App. No. 03-CA-14, 2005-Ohio-3179, ¶15. Local Rule 3.03(I)(D)(3) of the Greene County Common Pleas Court, which addresses discovery at arraignment, further provides:

"a. An information packet shall be delivered to the defendant's counsel upon oral request made to the Prosecuting Attorney for the information packet. The information packet shall contain all materials and information required by Ohio Rule of Criminal Procedure 16 and *Brady v. Maryland*.

"b. The receipt of the information packet by counsel for the defendant automatically obligates the defendant to provide the prosecutor reciprocal discovery as set forth in Section (I)(D)(2)(d) of this local rule and as required by Rule 16 of the Ohio [R]ules of Criminal [P]rocedure."

Given counsel's lack of signature on the State's discovery document, it is unclear whether the State's actions were the result of an oral request by counsel.

L.Ed.2d 215, which requires the State to disclose exculpatory evidence.

{¶ 7} In January 2010, Long moved to compel discovery. He argued that the State had refused to provide duplicate copies of all audio-visual evidence and, instead, he was provided a "controlled opportunity to review audio and video evidence at the ACE Task Force Headquarters." Long further raised that the State had failed to provide him the name of the confidential informant involved in the case.

{¶ 8} The trial court ordered the State "to arrange with the Defendant and his counsel for a time that the Defendant and his counsel may view any videotapes and hear any audiotapes that deal with this case. Arrangements shall be made by the State of Ohio and counsel for the Defendant to arrange a time at the office of the Prosecuting Attorney where the Defendant and his counsel can review the video and audiotapes ***." The court further ordered that any review occur prior to February 16, 2010, when the court would hold a hearing on Long's motion to compel and a motion to suppress evidence that had been filed.

{¶ 9} Long and his attorney subsequently viewed the videotapes of three controlled drug buys at the prosecutor's office. A detective and the prosecutor were present; Long's father, who had been participating in meetings between Long and his counsel, was not permitted to be in the room. Two other videotapes relating to the execution of a search warrant at Long's home had been misplaced and were not available at that time; Long's counsel had previously viewed these videotapes at the ACE Task Force Headquarters, but Long had not seen them.

{¶ 10} On February 16, 2010, Long filed a motion for a continuance of the suppression hearing, a supplement to the motion to compel discovery, and a supplement to

the motion to disclose the confidential informant. He contended that the State had "willfully and continually" refused to abide by the court's discovery order and provide an opportunity for him to privately inspect and to copy the audio and videotapes. Long further argued that the State had not provided the identity of the confidential informant, details regarding the consideration provided to the informant for his cooperation, a list of all undercover operations with which the informant was involved, and the results of any polygraph and/or urinanalysis pertaining to the informant.

{¶ 11} A hearing on the motions to compel was held the same day. After hearing arguments from Long's counsel and the prosecutor, the court orally ruled that the State had complied with the motion to compel by providing Long and his counsel an opportunity to view the videotapes of the controlled drug buys at the prosecutor's office; the court said it found no fault with the presence of the prosecutor and a detective during the viewing since this would preserve the chain of custody. The court further found that, in light of concerns for the safety of the confidential informant, the State was not required to provide copies of the videotapes to Long. The State was required, however, to accommodate requests by Long to view the videotapes again. The court indicated that the identity of the confidential informant would need to be disclosed two weeks before trial. The court subsequently filed a written entry reflecting its oral ruling.

{¶ 12} Trial was scheduled for May 19, 2010. However, on May 3, 2010, the trial date was apparently vacated, and a plea hearing was scheduled for May 17, 2010. Long subsequently entered a no contest plea and was sentenced, as described above.

{¶ 13} Long appeals from his convictions, raising six assignments of error. Because

all of the assignments challenge the trial court's decision on Long's motion to compel discovery, we will address them together.

II

{¶ 14} In his first, second, third, and fourth assignments of error, Long claims that the trial court deprived him of various constitutional rights by "failing to provide discovery as required by the Ohio Rules of Discovery." Specifically, Long asserts that the trial court's failure to require the State to provide duplicate copies of audio and videotapes and information regarding a confidential informant resulted in the denial of his rights to due process, the effective assistance of counsel, to confront witnesses, and to be free from unreasonable searches and seizures. In his fifth and sixth assignments of error, Long claims that the trial court abused its discretion and committed plain error when it failed to enforce its initial discovery order.

{¶ 15} Discovery in a criminal case is governed by Crim.R. 16. At the time of Long's plea,[2] Crim.R. 16(B)(1)(c) addressed the disclosure of documents and tangible objects by a prosecuting attorney as follows: "Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant *to inspect and copy or photograph* books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, available to or within the possession, custody or control of the state, and which are material to the preparation of his defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the

[2]Crim.R. 16 was amended, effective July 1, 2010. For purposes of this appeal, we use the prior version of Crim.R. 16, which was in effect while Long's case was pending in the trial court.

defendant." (Emphasis added.) A videotape is a "tangible object" under Crim.R. 16(B)(1)(c). *State v. Lewis* (July 21, 2000), Clark App. No. 99-CA-79.

{¶ 16} Crim.R. 16(B)(1)(e) required the prosecuting attorney to provide a written list of the names and addresses of all witnesses whom the prosecutor intended to call at trial, as well as any record of felony convictions of any such witness.

{¶ 17} The provisions of Crim.R. 16 are mandatory. *State v. Mabry*, Montgomery App. No. 21569, 2007-Ohio-1895, ¶31, citing *State v. Parks* (Aug. 15, 1990), Montgomery App. No. 12067. But, pursuant to Crim.R. 16(E)(1), either party may move the court for a protective order restricting or limiting discovery in any manner the court may deem appropriate to serve the ends of justice. The trial court may set restrictions on the time, place, and manner of inspecting and copying evidence. Crim.R. 16(E)(2). "However, neither party is authorized to withhold the information required by the rule for reasons the party alone deems sufficient." *Mabry* at ¶31, citing *Parks*, supra.

{¶ 18} Crim.R. 16(B)(1)(e) further "provide[d] a mechanism by which the prosecutor may protect the identity of witnesses by certifying to the court that disclosure of their names and addresses prior to trial may subject them or others to physical harm, substantial economic harm, or coercion. The certification is in essence a request for a protective order to prevent disclosure of the witness list or part of it." (Citation omitted.) *State v. McKoy*, Cuyahoga App. No. 93363, 2010-Ohio-522, ¶11. The State did not certify to the trial court that the disclosure of the required information regarding the confidential informant would subject the informant to physical harm, substantial economic harm, or coercion, nor did it request a protective order.

{¶ 19} The State's failure to provide copies of the audio and videotapes to Long, upon request by the defendant, was a violation of Crim.R. 16 in the absence of a motion or certification by the State, pursuant to Crim.R. 16(B) or (E), to restrict discovery of those items. However, while the State's failure to provide this discovery constituted a violation of the discovery rules, we find no basis to conclude that Long's constitutional rights were violated by the State's failures and the trial court's subsequent orders limiting the State's disclosure obligations.

{¶ 20} First, Long argues that the State's failure to provide the requested discovery violated his right to due process. Long's counsel had two opportunities to view the audio and videotapes; counsel stated at the hearing on the motion to compel that he had viewed all of the videotapes (the three controlled drug buys and the search warrant videos) at the ACE Task Force Headquarters. Long and his counsel subsequently viewed the videotapes of the controlled buys together at the prosecutor's office. According to the prosecutor, the videotapes at issue are, in total, less than ten minutes long, and the audiotape is "a little longer because it *** encompasses the drive to the location." The prosecutor agreed that the State would accommodate Long and his counsel if they wished to view the tapes again.

{¶ 21} Long has not claimed that he required copies of the videotapes and audiotapes in order to enhance or otherwise manipulate the tapes for use at trial. Rather, his argument focuses on his ability to review the tapes privately with counsel to prepare a defense. The failure to provide copies may result in a denial of due process. See *State v. South*, 162 Ohio App.3d 123, 2005-Ohio-2152 (plurality decision finding that defendant was prejudiced by the State's failure to provide a copy of a videotape from a police cruiser, which defendant

wanted to try to enhance for trial). But the failure to provide copies of videotapes and audiotapes is not a per se denial of the right to due process; there must be evidence of some prejudice to the defendant. See *State v. Arnold*, 189 Ohio App.3d 507, 2010-Ohio-5379, ¶81 (evaluating whether the State's failure to timely provide witness's address deprived defendant of a fair trial); *State v. Jackson*, 107 Ohio St.3d 53, 2005-Ohio-5981, ¶131, citing *State v. Parson* (1983), 6 Ohio St.3d 442, 445.

{¶ 22} Here, Long and his counsel were allowed to inspect, view, and take notes from the tapes at issue, and the State was required to accommodate further requests to access the tapes. Although we do not fully understand the "chain of evidence" rationale, given the facts before us, Long's constitutional right to due process was not violated by the State's failure to provide copies of the tapes.

{¶ 23} Long also asserts that the State's conduct violated his due process under *Brady*. "In *Brady v. Maryland*, the United States Supreme Court held that the suppression by the prosecution of evidence favorable to an accused upon request violates due process when the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Disciplinary Counsel v. Kellogg-Martin*, 124 Ohio St.3d 415, 2010-Ohio-282, ¶24, citing *Brady*, 373 U.S. at 87. Crim.R. 16(B)(1)(f) also requires a prosecutor to disclose to defense counsel all evidence, known or which may become known to the prosecuting attorney, favorable to the defendant and material either to guilt or punishment. Id.

{¶ 24} In order to establish a *Brady* violation, the defendant must demonstrate that (1) the prosecution failed to disclose evidence upon request; (2) the evidence was favorable

to the defendant; and (3) the evidence was material. *State v. Wade*, Clark App. No. 06-CA-108, 2007-Ohio-6611, ¶12. Here, the State disclosed the evidence to Long. The State informed Long of the existence of the videotapes and audiotapes, Long's counsel had reviewed all of the tapes, and Long reviewed the tapes of the controlled drug buys. Under these circumstances, *Brady* is not implicated (even if the videos were somehow exculpatory, which Long does not allege), and Long's remedy was provided by Crim.R. 16(E). See *State v. Wickline* (1990), 50 Ohio St.3d 114; *Wade* at ¶13-16.

{¶ 25} Second, Long claims that his counsel was not able to provide effective assistance, because the two were unable to review the tapes privately.[3] As stated above, Long's counsel viewed the audio and videotapes on two occasions. On the second occasion, Long was able to view the videotapes and audiotape with his counsel and, although the prosecutor and a detective were present during the viewing, Long and his counsel could have taken notes about the evidence and discussed the contents of the tapes in private after the viewing was completed. It is possible that Long and his attorney also could have communicated outside the hearing of the prosecutor and detective – by whispering, briefly leaving the room, or some other means – while at the prosecutor's office. Long makes no argument how his counsel would not have been ineffective if copies of the videos were provided. Under the facts before us, Long's right to the effective assistance of counsel was not infringed upon by his inability to openly discuss the contents of the tapes with his counsel at the prosecutor's office.

---

[3] The State appears to construe Long's claim as one asserting ineffective assistance on the part of his trial counsel. We read Long's assignment of error as claiming that the trial court prevented trial counsel from rendering effective assistance by denying counsel copies of the tapes (or the opportunity to view them alone) and information regarding the confidential informant.

{¶ 26} Third, Long claims that the trial court denied him his constitutional right to confront witnesses against him by failing to require the disclosure of the required information regarding the confidential informant. Long claims that "the credibility and reliability of not only the confidential informant, but that of Detective Kordish in her affidavit requesting a search warrant were at issue." Long states that information regarding the confidential informant was necessary to prepare for the hearing on his motion to suppress, as well as trial.

{¶ 27} The trial court did not deny Long's request for information regarding the confidential informant in its entirety. In its February 23, 2010 order, the trial court ordered the State to disclose the identity of the confidential informant to Long two weeks before trial. (Why copies of the videos could not have been provided at the same time is unclear.) The record reflects that, prior to this deadline, Long elected to enter a plea and a plea hearing was scheduled. Long subsequently entered his no contest plea. Accordingly, the record does not support Long's assertion that the trial court denied his constitutional right to confront witnesses against him at trial.

{¶ 28} The issue at the hearing, according to the motion to suppress, was whether there was probable cause for the search warrant. The confidential informant did not testify at the suppression hearing; Detective Karen Kordish of the Fairborn police department, a member of the ACE Task Force and the affiant on the search warrant affidavit, was the sole witness. Long was able to cross-examine Kordish about her involvement in the investigation of Long and her preparation of the search warrant affidavit. Long was not denied his Sixth Amendment right to confront Kordish at the suppression hearing.

{¶ 29} Fourth, Long claims that he was unable to effectively challenge the affidavit in support of a search warrant at a suppression hearing due to the State's failure to provide the requested discovery. Long thus claims he was denied his right to be free from unreasonable searches and seizures.

{¶ 30} The motion to suppress alleged that the affidavit in support of the search warrant was conclusory and did not support a finding of probable cause by the magistrate. Long attempted to argue at the suppression hearing that Kordish had left relevant information out of the affidavit. In reviewing whether probable cause existed to support the issuance of a search warrant, a trial court is generally limited to the four corners of the affidavit and any recorded testimony made part of the affidavit pursuant to Crim.R. 41(C). *State v. Mays*, Montgomery App. No. 23986, 2011-Ohio-2684, ¶31.

{¶ 31} At the time of the joint hearing on the motion to compel discovery and to suppress evidence, the videotapes of the execution of the search warrant had been misplaced and their location was unknown. The State represented to the court that the tapes "are procedural videos used by law enforcement as a means of protecting themselves from civil liability should a claim later be made that the property was either damaged or taken from the residence. *** They are not part of the evidence in this case. I have no intention of using them. They are not *Brady* material. It is from the search warrant that F-2 amount of crack cocaine was found in the apartment. It is not exculpatory or in any way materially favorable to the Defendant." Long's counsel had viewed the videotapes at the ACE Task Force Headquarters, and he did not challenge the State's characterization of the content of the subsequently-missing videotapes.

{¶ 32} Based on the State's description of the videotapes and its representation that the tapes would not be used at trial, it is questionable whether the missing videotapes are discoverable under Crim.R. 16(B)(1)(c). Regardless, Long has failed to demonstrate how videotapes of the execution of the search warrant were relevant to the truthfulness of the affidavit in support of the search warrant and the validity of the warrant. Accordingly, Long's right to be free from unreasonable searches and seizures was not violated by the State's failure to provide copies of these videotapes.

{¶ 33} Long has also failed to demonstrate how the disclosure of the name, address, and other information regarding the confidential informant prior to the suppression hearing would have assisted him at that hearing. Crim.R. 16 did not require the prosecutor to disclose what a witness's trial testimony would be. See, e.g., *State v. Cundiff*, Montgomery App. No. 24171, 2011-Ohio-3414, ¶21; *State v. Carr*, Montgomery App. No. 22603, 2009-Ohio-1942, ¶51. We fail to see how the informant's name, address, and criminal record, without more, would have substantiated Long's argument that Kordish left relevant information out of the search warrant affidavit, such that the affidavit would have misled the magistrate.

{¶ 34} Finally, Long asserts that the trial court abused its discretion and committed plain error when it failed to enforce its discovery order. This argument appears to be based on the trial court's November 20, 2009, entry, which ordered "discovery, as well as reciprocal discovery as outlined in Criminal Rule 16, *** for both parties in accordance with Criminal Rule 16 and *Brady v. Maryland* ***."

{¶ 35} When Long subsequently moved to compel discovery of the videotapes, the

trial court did not require the State to provide copies of the audio and videotapes to Long. Rather, the court ordered the State to arrange a time when Long could view the videotapes and audiotapes at the prosecutor's office. In its February 23, 2010 entry denying Long's motion to compel discovery, the trial court found that providing copies of the tapes to Long "could imperil the confidential informant's safety." However, the court required the State to permit Long and his counsel to review "both the audio and videotapes as many times as may be reasonably necessary in preparing any defense of the Defendant." The State was to disclose the identity of the confidential informant two weeks before trial.

{¶ 36} As discussed above, the trial court held a hearing prior to ruling on Long's motion to compel. At the hearing, the prosecutor argued that it was refusing to provide copies of the tapes because "by virtue of the rules, the discovery belongs to the Defendant. It's going to get to the Defendant. And it is the danger to the confidential informant's safety that is the State's paramount concern, it is in no way to impair [defense counsel's] ability to prepare his case at all. It is simply to protect another human being from harm, and that is why we're here today, Your Honor."

{¶ 37} Defense counsel responded that receiving copies of the tapes was necessary to ensure that Long received a "level playing field." He further stated: "If for some reason – and nobody wishes this – that confidential informant is threatened, there is, you know, if somebody has done something unlawful then you charge them with that but we don't assume that because we have given you a tape about a confidential informant that you or your client is going to go out and threaten or intimidate that person as a witness. The law doesn't work that way; the law doesn't work in speculation. It works in absolutes. And that's what the

purpose of that rule [Crim.R. 16] is."

{¶ 38} The prosecutor's arguments to the trial court were not sufficient to satisfy the "certification" requirement of Crim.R. 16(B)(1)(e). "Certification is not satisfied by the prosecutor merely stating his or her conclusion that a witness might be subject to harm, but requires the [S]tate's reasons for requesting witness protection to appear on the record." *State v. Williams* (1986), 23 Ohio St.3d 16, 18. See, also, *State v. Gillard* (1988), 40 Ohio St.3d 226, 229 (noting that some evidence that the defendant was "a dangerous person and a subverter of the criminal justice system *** will be placed before the court in every case where the prosecutor makes a certification under Crim.R. 16(B)(1)(e).").

{¶ 39} Although there was no evidence presented, or even a specific argument made, concerning danger to this particular witness, the trial court attempted to balance Long's right to confront witnesses against him with the State's concern for the informant's safety and anonymity. Long was permitted to view the tapes as many times as necessary, and he was to receive information identifying the informant two weeks before trial. Indeed, the trial court required the State to disclose all of the required information; the court merely precluded Long from receiving his own copies of the tapes and altered the timing of the State's disclosure of the confidential informant's identity. This approach did not violate Long's constitutional rights and was consistent with the trial court's authority as set forth in Crim.R. 16(E). The trial court's modification of its initial discovery order was neither an abuse of discretion nor plain error.

{¶ 40} Long's assignments of error are overruled.

III

**{¶ 41}** The trial court's judgment will be affirmed.

. . . . . . . . . .

HALL, J. and CELEBREZZE, J., concur.

(Hon. Frank D. Celebrezze, Jr., Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Stephanie R. Hayden
Joe Cloud
Hon. Michael A. Buckwalter